THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Stephen Plough, Appellant,
v.
South Carolina Department
 of Corrections, Respondent.
 
 
 

Appeal from the Administrative Law Court
Ralph King Anderson, III, Administrative
 Law Court Judge

Unpublished Opinion No.  2011-UP-484 
Submitted October 1, 2011  Filed October
 28, 2011 

AFFIRMED

 
 
 
Stephen Plough, pro se, of Columbia, for Appellant.
Christopher D. Florian, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Stephen Plough, a civilly committed sexually violent
 predator (SVP), appeals the dismissal of his Department of Corrections (DOC)
 grievance by the Administrative Law Court (ALC).  He argues he is entitled to
 grievance procedures to redress DOC's denying him a prevailing wage when he was
 incarcerated.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code
 Ann. § 1-23-610(B) (Supp. 2010) (limiting reversal of an ALC decision unless
 "in violation of constitutional or statutory provisions; . . . [or] clearly
 erroneous in view of the reliable, probative, and substantial evidence on the
 whole record"); S.C. Code Ann. § 1-23-600(D) (Supp. 2010) (providing the
 ALC "shall preside over all appeals from final decisions of contested
 cases"); S.C. Code Ann. § 1-23-310(3) (2005) (defining "contested
 case" as a proceeding "in which the legal rights, duties, or
 privileges of a party are required by law to be determined by an agency after
 an opportunity for hearing"); Al-Shabazz v. State, 338 S.C. 354, 375,
 527 S.E.2d 742, 753 (2000) ("An inmate brings a contested case for the
 purposes of judicial review when he challenges a disciplinary outcome,
 calculation of sentence related credits, custody status, or other condition of
 imprisonment."); S.C. Code Ann. § 44-48-100(A) (Supp. 2010) ("If the
 court or jury determines that the person is a [SVP], the person must be
 committed to the custody of the Department of Mental Health . . .
 ." (emphasis added)).
AFFIRMED.
FEW, C.J., THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.